FILED
5/4/2021 10:32 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

Case 5:21-cv-00541 Document 1-1 Filed 06/07/21 Page 1 of 14

2cit pps w jd

2021CI08788

CAUSE NO. _____

| | | |
|---|---|---|
| NICOLE WISE, Individually, on Behalf of Estate of Alexander Wise; Beneficiary of FRED WISE, III, and the Estate of Fred Wise, III | § § § § § | Bexar County - 285th District Court<br><br>IN THE ____ JUDICIAL<br><br>DISTRICT COURT OF |
| v. | § § § | |
| BEXAR COUNTY, SHERIFF JAVIER SALAZAR and JOHN DOES #1- #5 | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, Nicole Wise, Individually, and on Behalf of the Estate of Alexander Wise and as a Beneficiary of Fred Wise, III, come now and file this their Plaintiffs' Original Petition, and would respectfully show:

### I. Introduction

This action for money damages arises from the wrongful death of Mr. Alexander Wise who was a detainee at the Bexar County Jail operated by Bexar County and Sheriff Javier Salazar.

### II. JURISDICTION, DISCOVERY CONTROL PLAN & VENUE

1. This is a lawsuit for money damages under 42 U.S.C. §1983, et seq., for violations of Plaintiffs' federal constitutional rights. State courts have jurisdiction over claims seeking relief under 42 U.S.C. §1983, et seq.

2.  Plaintiffs moves that discovery in the above-styled and numbered cause proceed under Discovery Control Plan Level 3. Plaintiffs make the statement regarding what they are seeking in this paragraph only because they are required to do so by the Texas Supreme Court for the purpose of providing statistical information regarding the nature of cases filed throughout Texas. Plaintiffs do not make such a statement in this paragraph to affect their substantive rights to recover any dollar amounts which the jury believes to be appropriate. Plaintiffs trust the jury to provide whatever dollar amounts the jury believes to be appropriate for their claims—whether in the range described in this paragraph, or above or below that range. Therefore, it is Plaintiffs' intent that the jury consider the evidence at trial and come to its own determination and not base its determination on the assertions made in this paragraph. Therefore, pursuant to the Texas Supreme Court's requirement, Plaintiffs state that they seek monetary relief over $2,000,000. They make this statement on May 4th, 2021, before conducting any formal discovery in this case; and therefore, before learning whatever it will learn through discovery. As required by the Texas Rules of Civil Procedure, Plaintiffs' attorneys, not Plaintiffs, wrote this paragraph.

3.  Venue of the above-styled and numbered cause is proper in Bexar County, Texas, pursuant to the provisions of §15.002 (a)(1), (2) & (3) of the Texas Civil Practice and Remedies Code, in that all of the events giving rise to this action occurred in Bexar County, Texas. This incident took place at the Bexar County Jail in San Antonio, Bexar County, Texas. Venue in this Court is proper in Bexar County.

## III. PARTIES

### A. Plaintiffs

4. Plaintiff, Nicole Wise ("Ms. Wise") is a natural person. She is the sister of Alexander Wise, deceased. Ms. Wise acts herein individually and as representative/on behalf of Alexander Wise's estate. She will be referred to herein at times as "Ms. Wise." She is also a beneficiary of the Estate of Fred Wise, III. She brings this claim, Individually and on behalf of the Estate of Alexander Wise and as Beneficiary of Fred Wise, III. Mr. Wise died intestate.

5. Plaintiff, Fred Wise, III was the adoptive father of Alexander Wise, deceased.

### B. Defendants

6. Defendant, Bexar County, Texas (the "County"), is a political subdivision of the State of Texas. This Defendant may be served with process by serving the Bexar County Judge, Mr. Nelson W. Wolff at 101 W. Nueva, 10th Floor, San Antonio, Texas 78205. The County funds and operates the Bexar County Adult Detention Center (hereafter "the Bexar County Jail"), employs and compensates the Bexar County jail, and is charged with ensuring that, at all times, the Bexar County jail remains in compliance with federal and state law. The County is a recipient of federal funds.

7. Defendant, Bexar County Sheriff Javier Salazar ("Sheriff"), may be served with process at: 100 Dolorosa, San Antonio, Texas 78205 or wherever he may be found. At all relevant times, Javier Salazar was the Sheriff in charge of the Bexar County jail, acting at all relevant times under color of state law. The Sheriff was responsible for Alexander Wise's safekeeping and care. He acted or failed to act in the course and scope of his

duties. He is also sued for damages in his individual capacity.

8. Upon information and belief, other employees of Defendant Bexar County are also responsible for Alexander Wise's death. At all relevant times, John Does 1-5 were employees of Defendant Bexar County and performed the relevant acts within the course and scope of their employment. John Does 1-5 performed those acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Texas. John Does 1-5 are sued in their individual capacities (as to the claims under section §1983) and as employees of Defendant Bexar County. Plaintiffs do not currently know the names of John Does 1-5. Plaintiffs will amend this Complaint to identify the individuals after learning their identities.

## IV. FACTS

9. Based on information and belief, Alexander Wise was arrested and jailed at the Bexar County Jail for minor offenses, like theft, credit card abuse and controlled substance violations. At all times material, Bexar County officials classify detainees before assigning cells and cellmates. Based on information and belief, Bexar County Jail officials intentionally housed Alexander Wise (a former white supremacist) in a cell with Shandrick Buckley, a 42 year old African-American detainee awaiting trial for murder.

### - Bexar County Jail's Classification System -

10. Based on information and belief, Defendant Bexar County relies on a database of information pertaining to its detainees. Based on information and belief, access to the database is provided to law enforcement and administrator at the Bexar County Sheriff's office. The database is used to evaluate appropriate housing for detainees and prisoners.

Based on information and belief, Bexar County's database contains a detainee's history, including the detainee's behavioral history at the Bexar County jail. The database also contains the detainee's past and current criminal charges.

11.  Based on information and belief, Bexar County officials and officers decide each detainee's custody level. Custody levels at jails range from "Maximum" for violent, dangerous detainees to "Minimum" for detainees who pose a low risk to staff and detainees.

12.  In 2019, the custody-level classifications determine detainees' general area of housing.

13.  Based on information and belief, Shandrick Buckley suffered from mental illness which lead to violent behavior.

14.  Based on information and belief, Shandrick Buckley was classified or should have been classified as a "Maximum" custody level.

15.  Based on information and belief, Shandrick Buckley should have been classified as a "Maximum" custody level.

16.  Because the State was charging him with the offense of murder, Shandrick Buckley was a violent detainee.

17.  Because the State was charging him with the offense of murder, Shandrick Buckley was a dangerous detainee.

18.  Based on information and belief, Alexander Wise was classified or should have been classified as a "Minimum" custody level.

19.  Based on information and belief, Alexander Wise should have been classified as

a "Minimum" custody level.

20. Based on information and belief, Alexander Wise posed a low risk of injury to Bexar County staff and detainees.

21. Based on information and belief, a detainee's history in hate groups, such as a white supremacy group, is not taken into account by Bexar County in May 2019 for purposes of appropriate housing.

22. Based on information and belief, a detainee's tattoos reflecting participation or support of hate groups, such as a white supremacy, were not taken into account by Bexar County in May 2019 for purposes of appropriate housing.

23. Based on information and belief, the race of detainees is not taken into account by Bexar County in May 2019 for purposes of appropriate housing for detainees.

24. Based on information and belief, a detainee's mental illness was not taken into account by Bexar County in May 2019 for purposes of appropriate housing.

25. On or about May 30, 2019, Shandrick Buckley stomped Wise to death.

26. According to the Sheriff, Bexar County's decided to place the detainees in the same cell because they had been involved in violent incidents at the jail.

27. According to Sheriff Salazar's press conference, "nothing showed up that would make these folks incompatible."

28. Based on information and belief, Bexar County, the John Doe Defendants, Sheriff Salazar and his administrators did not investigate the backgrounds of Mr. Wise and Mr. Buckley before assigning the joint cell assignment.

- **Bexar County Jail Policy/Moving Force** -

29. Based on information and belief, Mr. Buckley suffered from mental illness which lead to violent aggression toward fellow detainees, like Mr. Wise.

30. However, because Bexar County failed to take mental illness into account when determining custody classification as well as when assigning detainees to cells.

31. Alternatively, the Bexar County Jail's policy/or practice of permitting the housing of violent, mentally-ill detainees in the same cell with non-violent detainees constitutes deliberate indifference to the safety of non-violent detainees, like Mr. Wise.

32. The Bexar County Jail's policy/or practice of permitting the housing of detainees who espouse white supremacy beliefs with a violent, mentally-ill minority constitutes deliberate indifference to the safety of the detainees.

33. According to the Texas Attorney General's In Custody Death Report for 2019, the Bexar County Jail had four (4) in custody deaths before Mr. Wise's death, including:

   a. Joshua Andrew Miranda on January 1, 2019;

   b. Jarnell Kimbell on March 29, 209;

   c. Esther Jane Wood on April 10, 2019; and

   d. Jack Michael Ule on April 18, 2019.

34. Based on deaths identified in paragraph #36 as well as information and belief, the Bexar County Jail's policy/or practice of permitting the misclassification of detainees for purposes of housing/cell assignments constitutes deliberate indifference to the safety of the detainees.

35. According to the Texas Attorney General's In Custody Death Report for 2019, the Bexar County Jail had six (6) in custody deaths after Mr. Wise's death, including:

*Wise, et al. v. Bexar County, et al.*                                    Plaintiffs' Original Petition
Page 7

a.  Ashanti Emoni Taylor on August 2, 2019;

b.  Enrique Perez on August 5, 2019;

c.  Carlos Gonzalez on September 8, 2019;

d.  Davit Alan Watts on November 11, 2019;

e.  Rondell Peterson on November 11, 2019; and

f.  Stephen Wayne Cole on December 26, 2019.

36. Based on deaths identified in paragraph #35 as well as information and belief, the Bexar County Jail's policy/or practice of permitting the misclassification of detainees for purposes of housing/cell assignments constitutes deliberate indifference to the safety of the detainees.

37. At all times material, Bexar County and Sheriff Salazar had actual knowledge of the danger of placing a former white supremacist with an African-American murder suspect in the same cell.

## V.  FIRST CAUSE OF ACTION

### Survival Claim Under 8th and 14th Amendments - 42 U.S.C. § 1983
### Against Defendants Bexar County and Sheriff Javier Salazar
### (Brought by Plaintiffs, Individually, and on
### Behalf of the Estate of Alexander Wise)

38. Plaintiffs reallege and incorporate by reference the paragraphs Nos. 9 - 37 state above.

39. Alexander Wise was a pretrial detainee.

40. Defendants Bexar County and Sheriff Javier Salazar made an intentional decision to confine Alexander Wise in the same cell as Shandrick Buckley. Those conditions of confinement put Alexander Wise at substantial risk of suffering serious harm.

41. Defendants did not take reasonable available measures to abate that risk, even though a reasonable correctional officer in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious.

42. By not taking such measures, Defendants caused Alexander Wise's injuries and death.

43. During all relevant times, Defendants were acting under the color of law.

44. Defendants conduct, which amounted to deliberate indifference to Alexander Wise's safety, deprived Alexander Wise of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendant is liable for compensatory damages under 42 U.S.C. § 1983, in an amount to be proven at trial.

45. In the alternative, should Alexander Wise be deemed a "prisoner" instead of a "pretrial detainee," Defendants conduct equally violated the Eighth Amendment. In addition to the objectively unreasonable conduct described above, Defendants also had knowledge of Alexander Wise's and Shandrick Buckley mental illness and the substantial risk of harm posed by housing them together in the same cell.

46. Plaintiffs are further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

47. In committing the acts alleged above, Defendants acted with a wanton and reckless disregard for Alexander Wise's rights. Defendants are thus liable for punitive damages in an amount to be proven at trial.

## VI. SECOND CAUSE OF ACTION

## Deprivation of Familial Relationship - 14th Amendment - 42 U.S.C. § 1983
## Against Defendants Bexar County and Sheriff Javier Salazar
### (Brought by Estate of Fred Wise, III, Individually, and Nicole Wise, Individually)

48. Plaintiffs reallege and incorporate by reference the paragraphs Nos. 9 - 37 stated above.

49. Under the Fourteenth Amendment, substantive due process provides parents with a constitutional right to enjoy a familial relationship with their child.

50. As set forth above, Defendants confined Alexander Wise in a cell with Shandrick Buckley which created a substantial risk of serious physical harm. Even though any reasonable officer would have known of the high degree of risk to Alexander Wise's safety and even though Defendants had actual knowledge of that risk, Defendants took no measures to limit that risk. Defendants unlawful conduct shocks the conscience.

51. Defendants were acting under color of state law.

52. Defendants conduct, which shocks the conscience, deprived Fred Wise, III and Nicole Wise of their substantive due process right under the Fourteenth Amendment to enjoy their familial relationship with their son/brother, Alexander Wise.

53. As a result of this constitutional violation, Plaintiffs are entitled to compensatory damages under 42 U.S.C. § 1983, in an amount to be proven at trial.

54. Plaintiffs are further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

55. In committing the acts alleged above, Defendants acted with a wanton and reckless disregard for Alexander Wise's rights. Defendants are thus liable for punitive damages in an amount to be proved at trail.

## VII. THIRD CAUSE OF ACTION
### Unlawful Policy, Custom, or Practice - 42 U.S.C. § 1983
### Against Defendant County of Bexar
### (Brought by Nicole Wise, Individually and on Behalf of the Estate of Alexander Wise & on Behalf of the Estate of Fred Wise, III)

56. Plaintiffs reallege and incorporate by reference the paragraphs Nos. 9 - 37 stated above.

57. At all relevant times, Defendant County fo Bexar was responsible for the policies that related to classification and housing of inmates at the Bexar County Jail. The County maintained unconstitutional policies, customs, or practices within the meaning of *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

58. First, under Bexar County Jail's policies and practices, classification deputies do not take mental health issues into account when calculating an inmate's classification designation (custody level).

59. Second, under the jail's policies and procedures, deputies may place a mentally-ill inmate with history of causing tension in the same cell as a mentally-ill inmate with history of repeatedly attacking other detainees.

60. Third, the joint cell assignment of Alexander Wise and Shandrick Buckley was consistent with jail policy and procedure even where:

    a. Data entries demonstrated that Alexander Wise's and Shandrick Buckley's mental health problems were well-documented by Bexar County's classification software;

    b. Bexar County's classification software contained Shandrick Buckley's specific threat to assault someone;

    c.    Bexar County's software classification system reflected that during the month preceding Defendants' decision to house Alexander Wise and Shandrick Buckley in the same cell, Shandrick Buckley hospitalized and/or assaulted other detainees; and

    d.    Bexar County's software classification system show Alexander Wise had been associated with white supremacy group(s) and Shandrick Buckley (an African-American detainee) was a violent inmate prone to committing assaults in custody.

61. This Bexar County policy, custom, and practice of housing Anglos detainees with racist pasts/inclinations in the same cell as violent minority (African-American) detainees was the moving force and proximate cause of the deprivation of Plaintiffs and Alexander Wise's constitutional rights under the Fourteenth Amendment or, in the alternative, the Eighth Amendment. This deprivation of constitutional rights resulted in Alexander Wise's pain, suffering, and death. For Plaintiffs, the constitutional violation resulted in the loss of their son and brother.

62. This Bexar County policy, custom, and practice of housing mentally-ill provocative inmates in the same cell as mentally-ill violent inmates was the moving force and proximate cause of the deprivation of Plaintiffs and Alexander Wise's constitutional rights under the Fourteenth Amendment or, in the alternative, the Eighth Amendment. This deprivation of constitutional rights resulted in Alexander Wise's pain, suffering, and death. For Plaintiffs, the constitutional violation resulted in the loss of their son/brother.

63. Plaintiffs are entitled to compensatory damages un 42 U.S.C. § 1983, in an amount

to be proven at trial. Plaintiffs are further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

## VIII. DEMAND FOR JURY TRIAL

64. Plaintiffs demand a jury trial as to all causes of action.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1. Compensatory damages, including both general and special damages;

2. Punitive damages against Defendants;

3. Attorneys' fees under 42 U.S.C. section 1988(b);

4. Costs incurred in this lawsuit;

5. Prejudgment interest; and

6. Other relief that the Court deems proper.

Respectfully submitted,

*/s/ Mauro F. Ruiz*
Mauro F. Ruiz
State Bar No. 24007960
Federal ID. 23774
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203

Neil Calfas
State Bar No. 50511505

        **CALFAS LAW GROUP, PLLC**
        Tower Life Building
        310 S. St. Mary's Street, 24th Floor
        San Antonio, Texas 78205
        Telephone:  (210) 212-6969
        Facsimile:   (210) 212-7766
        defendingu@aol.com
        **COUNSEL FOR PLAINTIFF**

OF COUNSEL:
**CALFAS LAW GROUP, PLLC**
Tower Life Building
310 S. St. Mary's Street, 24th Floor
San Antonio, Texas 78205
Telephone:  (210) 212-6969
Facsimile:   (210) 212-7766