IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
- SAN ANTONIO DIVISION -

| | | |
|---|---|---|
| **NICOLE WISE, On Behalf of the Estate of Alexander Wise** | § § § | |
| **v.** | § § | **5:21-cv-0541-XR-RBF** (JURY DEMANDED) |
| **BEXAR COUNTY** | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

### I. INTRODUCTION

1.01    This is a civil rights case for money damages brought by the sister of deceased, Alexander Wise ("Alexander Wise") on behalf of his estate.  Alexander Wise, a pre-trial detainee, was stomped to death by his cell mate while in the custody of the Bexar County Adult Detention Center  ("the Jail") and Sheriff Javier Salazar ("Sheriff Salazar").  This Court granted leave to file a Complaint withing fourteen days (14) of its November 1, 2021 Order.  Doc. 17.

### II.  JURISDICTION

2.01    This is a lawsuit for money damages under 42 U.S.C. §1983, et seq., for violations of Alexander Wise's federal constitutional rights (right to life, protection and to be free from punishment) under the 14th Amendment of the U.S. Constitution, during the time he was a pre-trial detainee in Defendant's custody.

### III. PARTIES

3.01   Plaintiff, Nicole Wise is a natural person.  She is the sister of Alexander Wise ("Wise"), deceased.   She will be referred to herein at times as "Ms. Wise."  She brings this claim on behalf of the Estate of Alexander Wise.

3.02   At the time of his death, Wise did not have beneficiaries as defined by the Texas Wrongful Death statute. See Tex. Civ. Prac. & Rem. Code § 71.004.

3.03   Defendant, Bexar County, Texas (the "County"), is a political subdivision of the State of Texas.  The County funds and operates the Bexar County Adult Detention Center (hereafter "the Jail"), employs and compensates the Bexar County jail, and is charged with ensuring that, at all times, the Bexar County jail remains in compliance with federal and state law. The County is a recipient of federal funds.  There is no need for service of process at this time since the County is represented by counsel.

### IV. VENUE

4.01   Venue is proper in the Western District of Texas pursuant to 28 U.S.C.§1391(a)(2) because all or a substantial part of the events which gave rise to this cause of action occurred in the Western District of Texas.

### V. FACTS

5.01   Plaintiff Nicole Wise is the sister of Alexander Wise, deceased.  Plaintiff brings suit on behalf of Alexander Wise's estate.   Wise was arrested in February 2019 for offenses including theft, credit card abuse and controlled substances violations.  While being held in pretrial detention at the Bexar County Adult Detention Center ("BCADC"), Wise was involved in a violent incident with another inmate, and subsequently placed in a cell with

Shadrick Buckley.  Buckley had also been involved in violent incidents at the jail.  On May 20, 2019, Buckley fatally attacked Wise inside the cell they shared.

5.02   Based on information and belief, Bexar County had a housing policy, custom or practice of placing non-violent detainees with violent offenders as a punishment.  Here, Bexar County relied on the dangerous proclivities of Buckley to punish Wise for past misconduct.   Defendant, Bexar County ignored risk factors contained in Title 37 Public Safety, Part 9 Texas Commission on Jail Standards,  Rule  §  271.1 (Objective Classification Plan).

5.03   Based on information and belief, in the alternative, Bexar County had a housing policy, custom or practice of placing non-violent detainees with violent offenders to deter or minimize future misconduct.  Here, Bexar County relied on the dangerous proclivities of Buckley to deter Wise from possible bad conduct in the future.  Defendant, Bexar County ignored risk factors contained in Title 37 Public Safety, Part 9 Texas Commission on Jail Standards,  Rule  §  271.1 (Objective Classification Plan).

5.04   Bexar County utilized inmates with known dangerous proclivities as a tool to control detainees or inmates.  This practice of housing assignments served as a way to discipline and punish detainees in violation of Title 37 Public Safety, Part 9 Texas Commission on Jail Standards,  Rule  §  271.1 (Objective Classification Plan).

5.05   Based on information and belief, in the alternative, Bexar County, when it assigned Wise and Buckley to a cell, did not have a housing-assignment policy based on an objective classification plan in violation of Title 37 Public Safety, Part 9 Texas Commission on Jail Standards,  Rule  §  271.1 (Objective Classification Plan).

5.06    Based on information and belief, in the alternative, Bexar County failed to train its jail personnel regarding cell assignments where minor detainees were assigned to housing with detainees or inmates who were known to be dangerous.

5.07    Based on information and belief, in the alternative, Bexar County's training of jail personnel regarding cell assignments was inadequate in that less violent detainees were assigned to housing with detainees or inmates with known dangerous proclivities.

5.08    Based on information and belief, the BCADC engaged in a widespread and pervasive pattern of serious deficiencies by ignoring known risk factors, and in doing do failed to protect detainees, like Wise.

5.09    Bexar County knew that inmate-on-inmate violence is frequently committed at the BCADC.  Jailers and administrators of the BCADC possessed this knowledge simply from their experience, education and training.

5.10    Based on information and belief, Bexar County had a policy, practice and/or custom of not using fully-licensed jailers.  Temporary licenses, under Texas law, upon information and belief, require no testing, no experience, and no jail-related training or education.

5.11    Based on information and belief, Bexar County's knowledge regarding the significant risk of inmate violence inside cells and its need to have in place policies, practices and customs which were constitutional, was shown by prior inmate violence episodes inside cells as a result of non-existent or inadequate classification plan.

## VI. CAUSATION

6.01    The above policies, practices, and/or customs which Plaintiff alleges, at times upon information and belief, caused, proximately caused, were the producing causes of, and/or

were the moving forces behind the death of Alexander Wise.  Thus, Bexar County is liable for all such damages.

## VII. CAUSES OF ACTION AS TO BEXAR COUNTY

7.01   For each of the following counts, Plaintiff incorporates by reference each of the allegations contained in paragraphs 4.01 to 6.01.

7.02   Defendant, Bexar County, is liable to Plaintiffs pursuant to 42 U.S.C. § 1983 for violating Alexander Wise's right to live, to be protected, and not to be punished as a pre-trial detainee.  These rights are guaranteed by the 14th Amendment to the federal constitution because a "special relationship" was created when Bexar County took custody of Wise.  See *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989).  Pre-trial detainees, like Wise, are entitled to be protected and not to be punished at all, since they have not been convicted of any alleged crime resulting in their incarceration.  Bexar County had a duty to protect Wise - not to punish him with death at the hands of a murder suspect.

7.03   Bexar County acted or failed to act, through natural persons under color of state law at all relevant times.  Defendant,  Bexar County's policies, practices, and/or customs were moving forces behind and caused, were producing causes of, and/or were proximate causes of Alexander Wise's suffering, damages and death.

7.04   The Fifth Circuit Court of Appeals has made it clear that Plaintiffs need not allege the appropriate chief policymaker at the pleadings stage. Nevertheless, out of an abundance of caution, Bexar County Sheriff Javier Salazar was the County's relevant chief policymaker over matters at issue in this case. Moreover, in addition, and in the alternative,

the Bexar County administrator was the relevant chief policymaker over matters at issue in this case.

7.05   Bexar County was deliberately indifferent regarding policies, practices, and/or customs developed and/or used with regarding to issues addressed by allegations set forth above. It also acted in an objectively unreasonable manner.  Policies, practices and/customs referenced above, as well as the failure to adopt appropriate polices, were moving forces behind and caused violations of Alexander's rights and showed deliberate indifference to the known or obvious consequences that constitutional violations would occur.  Bexar County's relevant policies, practices and/or customs, whether written or not, were also objectively unreasonable as applied to Wise.

### A.   COUNT 1

(*Right to Life*)

7.06   Plaintiff had a right to life/to be protected/free from punishment under the 14th Amendment when he was in the custody of the BCADC.

7.07   When Bexar County assigned Alexander Wise to a cell with Shadrick Buckley, it was inspired by malice rather than merely careless or unwise zeal.  Said conduct amounted to an abuse of official power that "shocks the conscience." See *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

### B.   COUNT 2

(Right to Be Free From Punishment)

7.08   Plaintiff had a right to life/to be protected/free from punishment under the 14th Amendment when he was in the custody of the BCADC.

7.09 When Bexar County assigned Alexander Wise to a cell with Shadrick Buckley, it was an assignment for the purpose of punishment. Moreover, Wise's punishment (death) was not rationally related to a legitimate, non-punitive governmental purpose. See *Whitney v. City of St. Louis,* 887 F.3d 857 (8th Cir. 2018); See also *Bell v. Wolfish*, 441 U.S. 520 (1979)

### C. COUNT 3

*(Right to Be Free From Punishment)*

7.10 Plaintiff had a right to life/to be protected/free from punishment under the 14th Amendment when he was in the custody of the BCADC.

7.11 (Conditions of Confinement) Defendant, Bexar County's BCADC did not have a housing assignment policy that ensure Wise would be free from punishment as a basic living need. Said failure amounts to a policy of unconstitutional punishment in violation of the 14th Amendment.

7.12 (Episodic Act) Defendant, Bexar County, by and through its jail personnel, recklessly and maliciously assigned Wise to a cell with Shadrick Buckley despite knowing Buckley was a murder suspect with dangerous proclivities. Wise's cell assignment to a cell with a murder suspect was intended as a tool to punish or discipline Wise in order to control his future behavior at the BCADC.

### D. COUNT 4

*(Failure to Train)*

7.13 Plaintiff had a right to life/to be protected/free from punishment under the 14th Amendment when he was in the custody of the BCADC.

7.14   Defendant, Bexar County, failed to train jail personnel in a manner that would comply with Title 37, Part 9 Rule § 271.1 (Objective Classification Plan) in making cell assignments.  Therefore, Bexar County is liable to the Wise's Estate under the single-incident exception to *Monell*.  See *Hutcheson v. Dallas County*, 994 F.3d 477 482-83 (5th Cir. 2021).

### E.   COUNT 5

*(Inadequate Training)*

7.15   Plaintiff had a right to life/to be protected/free from punishment under the 14th Amendment when he was in the custody of the BCADC.

7.16   Defendant, Bexar County, is liable under § 1983 for the deprivation of Wise's right to life without due process of law under the Fifth Circuit's opinion in *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), cert denied, 480 U.S. 917 (1987).  In accordance with *Grandstaff*, liability can be imposed on Bexar County based on inadequate training of jailers the County's policy/custom of dangerous recklessness when making cell assignments in violation of Title 37, Part 9 Rule § 271.1 (Objective Classification Plan) .  According to the *Grandstaff* Court:

> Conscious indifference to widespread incompetence or misbehavior may be more than a matter of extreme negligence and more than a failure to instruct or train.  If it is deliberate police policy to demand instant compliance, heedless of rights and risks, abuses - i.e., incompetence and misbehavior - will occur when officers of varying judgment and stability encounter resistance.  If unconfined the policy ordains use of the ultimate compulsion, the firearm, upon any appearance of resistance and with only imagined justification.  That policy employs armed officers who subject the public to the deprivation of their constitutional rights.  Where the city policymaker knows or

>should know that the city's police officers are likely to shoot to kill without justification and without restraint, so as to endanger innocent third parties, the city should be liable when the inevitable occurs and the officers do so.

## VIII.  KINGSLEY & ALDERSON

8.01   In the event there is further clarification by the Fifth Circuit, Plaintiff, points out that in a U.S. Supreme Court case, *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), a pretrial detainee sued several jail officers alleging violations of the 14th Amendment's Due Process Clause when they used excessive force against him.  Resolving a disagreement among the Circuits, the Supreme Court in *Kingsley* held that the objectively unreasonable standard was to be used in excessive force cases, and that an officer's subjective awareness was irrelevant.  However, in *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415 (5th Cir. 2017), the Fifth Circuit Court of Appeals considered the appeal of a pretrial detainee who asserted failure to protect and failure to provide reasonable medical care claims pursuant to 42 U.S.C. §1983.  Despite *Kingsley's* holding just two years earlier, the Fifth Circuit held that a plaintiff in such a case must still how subjective deliberate indifference in an episodic act or omission case.   Writing separately in *Alderson*, concurring Circuit Judge Graves pointed out the conflict and suggested the Fifth Circuit should "revisit the deliberate indifference standard" in failure to protect cases in light of *Kingsley*.  This case raises conditions of confinement and episodic act/omissions case.

8.02   The above paragraph is included in the event the Fifth Circuit revisits the evidentiary burden in cases involving pre-trial detainees who assert failure to protect claims under the 14th Amendment during the pendency of this case.  Should the Fifth Circuit change its

precedent to be more in line or consistent with *Kingsley*, Plaintiff alleges the proper standard controlling this case would be objective[ly] unreasonable[ness].

## IX. DAMAGES

9.01   Therefore, Wise's estate suffered the following damages, for which it seeks recovery from Bexar County**:**

+ Conscious physical pain, suffering, and mental anguish;

+ Funeral expenses; and

+ Reasonable and necessary attorneys' fees pursuant to 42 U.S.C.  §§ 1983 and 1988 through trial and any appeals and other appellate proceedings;

+ Punitive damages**;**

+ Court Costs and all other recoverable costs;

+ Prejudgment and post judgement interest at the highest allowable rates; and

+ All other relief, legal and equitable, general and special, to which Plaintiffs are entitled.

## X.  JURY DEMAND

10.01  Wise's estate demands a trial by jury on all issues which may be tried to a jury.

## XI. PRAYER

11.01 For these reasons, Plaintiffs ask that Defendant be cited to appear and answer, and that Plaintiffs have judgment for damages within the jurisdictional limits of the Court and against Defendant as legally available and applicable ,f or all damaged referenced above and below:

    a. Actual damages of and for Nicole Wise on behalf of the Estate of Alexander Wise, including but not limited to:

        i. Conscious physical pain, suffering and mental anguish;

        ii. Funeral expenses;

    b. Exemplary damages;

    c. Reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 through trial and any appeals and other appellate proceedings;

    d. Court costs and all other recoverable costs;

    e. Prejudgment and post judgment interest at the highest allowable rates;

    f. All other relief, legal and equitable, general and special, to which Plaintiffs are entitled.

        Respectfully submitted,

        */s/ Mauro F. Ruiz*
Mauro F. Ruiz
State Bar No. 24007960
Federal ID. 23774
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203
mruiz@mruizlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203

Neil Calfas
State Bar No. 50511505
**CALFAS LAW GROUP, PLLC**
Tower Life Building
310 S. St. Mary's Street, 24th Floor
San Antonio, Texas 78205
Telephone:   (210) 212-6969
Facsimile:    (210) 212-7766
defendingu@aol.com
**CO-COUNSEL FOR PLAINTIFF**

OF COUNSEL:
**CALFAS LAW GROUP, PLLC**
Tower Life Building
310 S. St. Mary's Street, 24th Floor
San Antonio, Texas 78205
Telephone:   (210) 212-6969
Facsimile:    (210) 212-7766

## CERTIFICATE OF SERVICE

I, Mauro F. Ruiz, hereby certify that on **November 12, 2021,** a true and correct copy was delivered to opposing counsel, to-wit:

| | |
|---|---|
| Robert D. Green<br>Robert Piatt III<br>**ASSISTANT DISTRICT ATTORNEY**<br>**CIVIL DIVISION**<br>101 W. Nueva, 7th Floor<br>San Antonio, Texas 78205<br>Telephone:   (210) 335-2146<br>Facsimile:    (210) 335-2773<br>robert.green@bexar.org<br>**ATTORNEY FOR DEFENDANTS,** | Neil Calfas<br>**CALFAS LAW GROUP, PLLC**<br>Tower Life Building<br>310 S. St. Mary's Street, 24th Floor<br>San Antonio, Texas 78205<br>Telephone:   (210) 212-6969<br>Facsimile:    (210) 212-7766<br>defendingu@aol.com<br>**CO-COUNSEL FOR PLAINTIFF** |

   */s/ Mauro F. Ruiz*
Mauro F. Ruiz